Pettibone, J.,
delivered the opinion of the Court.
This was an action, originally commenced by Armour against Buckner before a=. Justice of the Peaceyon a book account. The whole account exhibited, amounted to $99.66 1-4, but the balance claimed was. only 66 91 1-2. There was an objection to the jurisdiction of the Justice, probably, on the ground that the whole amount exceeded $96- We think that this point cannot prevail.. The amount claimed must determine the jurisdiction. There was a judgment rendered before the Justice in favor of the plaintiff for $.66 91 l-% from, which judgment the defendant appealed to the Circuit: Court.
In the- Circuib Court the plaintiff filed a bill for a discovery, which was answered by defendant. The answer admitted some of the items of the account y neither admitted-nor denied most of them y. and denied none of them specifically. The only-denial is contained in answer to the second interrogatory, which is as follows:— “ That he does not know that said exhibit is a just and true account, but believes it is not, and denies-that all the-items therein were furnished for himself or his family.”The jury found a verdict in the Circuit Court for the same amount as the judgment in the Justice’s Court. The plaintiff remitted nine dollars and ninety-three cents of the verdict. The defendant then claimed, that the plaintiff was- not entitled. tO'Costs in the Circuit Court, the judgment being for a less sum than was recovered in the Justice’s Court. There is no foundation for this claim. The verdict in the Circuit Court is the same as in the Justice’s Court, and the judgment is only, reduced by a remittitur of the plaintiff. During the trial, several bills of exceptions were taken by defendant. The first states, that after the introduction of the bill for discovery, and the answer of the defendant, the plaintiff offered other evidence to support his demand, which was excepted to. On a discovery the answer of the defendant may be-contradicted by the other evidence, but it requires two witnesses, or one witness and strong corroborating circumstances, to disprove the answer. The evidence-was admissible. The next exception is, a that plaintiff introduced a witness to prove the items contained in the account filed in the cause, which witness was acknowledged not to be the person who made the entries in the book, or delivered the items.” Any person is competent to prove the account, who may have seen *380 the delivery of the articles, or have heard the acknowledgment of the defendant, and it is not necessary to prove the entries in the book. The next exception is, that the Court refused to instruct the jury, “ that in this cause, as the plaintiff had called on the defendant to discover, it required the evidence of two witnesses, or of one with strong corroborating circumstances, to each item in plaintiff’s account, to entitle the plaintiff to recover,” and that the Court instructed the jury, «that, if by any one witness, any item was established) they were hound to find for the plaintiff for so much as was so proven.” If tire defendant, by his answer, had denied'any particular item of the account, or the account generally, it would not he competent for the plaintiff to establish the part denied, except by two witnesses, or by one and strong corroborating circumstances.. Here no particular part of the account is denied ; nor is the account admitted or denied, except as above stated. We think it was open to be established, in the same manner as though no answer had been put in.
The judgment of the Circuit Court must be affirmed, with costs.